1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NATALIE F. SIMMONS and STEPHEN H. SIMMONS, husband and wife, KATHERINE A. ROHR-SMITH, and ZALDY FERNANDEZ, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ASSET RECOVERY GROUP, INC. d/b/a ASSET RECOVERY GROUP OF WASHINGTON, an Oregon corporation, and ROBERT S. FRIEDMAN,<br><br>Defendants. | Case No.: 2:16-cv-794<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(b)(2) AND 23(b)(3)<br><br>JURY TRIAL DEMANDED |

19
20
21
22
23

Plaintiffs, individually and as class representatives for two Washington State Classes of similarly situated persons, bring this action against Asset Recovery Group, Inc. d/b/a Asset Recovery Group of Washington ("Asset Recovery") and Robert S. Friedman ("Friedman") for violations of federal and state law as set forth herein.

24

## I. INTRODUCTION

25
26

1.1.    The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has

COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF AND DAMAGES - 1

Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

1.2.    Plaintiffs bring this action for declaratory and injunctive relief, statutory damages, actual damages and restitution on behalf of themselves and as class representatives for Classes of similarly situated persons stemming from unfair and deceptive collection practices by Defendants in violation of the FDCPA and the Washington Consumer Protection Act, RCW 19.86 ("CPA"), Washington's district court venue statute, RCW 3.66.040(1), and King County District Court Local Civil Rule 3.1.

1.3.    The King County District Court ("KCDC") system is divided into three divisions, South, East, and West, which include the ten courthouses where cases are filed and heard. The Burien, Kent, King County Regional Justice Center, and Vashon courthouses are in the South Division; the Issaquah, Bellevue, and Redmond courthouses are in the East Division; and the Seattle, Shoreline, and King County Correctional Facility courthouses are in the West Division.

1.4.    The KCDC website describes these three divisions, South, East and West, and the geographic areas each of them serves, stating "Civil filing areas have been added to each division which represent the cities served by the division for civil and small claims

COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF AND DAMAGES - 2



Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

filings." http://www.kingcounty.gov/courts/district-court/locations.aspx (last updated December 31, 2015; last retrieved May 29, 2016).

1.5. The King County Code expressly contemplates this KCDC system of local case filing, stating that "The King County council . . . support[s] the concept of local filing . . . for a more equitable . . . system of justice for the citizens of King County" and that the court facilities shall be used to "promote . . . access to justice." King County Code 2.68.005. http://www.kingcounty.gov/council/legislation/kc_code/05_Title_2.aspx (last updated June 15, 2015; last retrieved May 29, 2016).

1.6. Defendants unlawfully and abusively engaged in the unfair, deceptive and unlawful practice of filing debt collections lawsuits in a Division where debtor defendants neither lived nor signed the contracts on which they were being sued ("inconvenient forum"). Defendants began engaging in these unfair and deceptive forum abuse practices more than four years prior to the filing of the Complaint in this matter.

1.7. By suing debtor defendants in an inconvenient forum, regardless of where in King County the debtor defendants reside and/or signed the purported contract upon which they were sued, Defendants violated the FDCPA, which requires debt collectors to bring legal actions to collect alleged debts from a consumer "only in the judicial district or similar legal entity – (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i. By suing debtor defendants in an inconvenient forum, Defendants also violated the CPA and Washington's district court venue statute, RCW 3.66.040(1).

1.8. By filing their debt collection actions in the incorrect venue in the KCDC system, Defendants misled and deceived Plaintiffs and other debtor defendants, causing them

COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF AND DAMAGES - 3

Berry&Beckett
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

to believe they were required to defend themselves in the inconvenient forum (to where they must travel and which is less accessible) when in fact the actions were not properly filed by Defendants.

1.9. Defendants have conspired and acted in concert with each other, and have aided and abetted each other to perpetuate their conduct and the forum abuse practices described herein, and each is jointly and severally liable for their conduct.

1.10. Upon information and belief, Defendants have solicited and been enabled and encouraged to engage in their unfair and deceptive practice of filing debt collection lawsuits in inconvenient forums through secret and deceptive *ex parte* communications and special arrangements between and among Defendants and judges of the KCDC and other KCDC officials, including the Presiding Judge of the East Division.

1.11. This lawsuit seeks to put an end to Defendants' forum abuse and provide relief to Plaintiffs and the Classes by obtaining a declaration that Defendants' practice of bringing collection actions in a Division regardless of where in King County the debtor defendant resides is unfair, deceptive and unlawful; enjoining Defendants from continuing to engage in this unfair and deceptive practice; vacating the default judgments that Defendants have unlawfully obtained; and ordering restitution by Defendants of all amounts Defendants have unlawfully recovered from Plaintiffs and the Classes as a result of the unlawful default judgments.

1.12. Plaintiffs herein are debtor defendants sued by Defendants in a Division of KCDC in which they neither lived nor where they signed the contracts for which they were sued.

COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF AND DAMAGES - 4



Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

## II. <u>VENUE, JURISDICTION AND PARTIES</u>

2.1.     At all relevant times, Plaintiffs were and now are individuals and currently reside in Seattle, Washington, and resided there at the time Defendants filed and served the debt collection actions which are the subject of this complaint.

2.2.     Defendant Asset Recovery is an Oregon-based corporation and holds a Washington State Collection Agency License. Said Defendant is in the business of regularly collecting alleged consumer debts originally owed to others.

2.3.     Defendant Asset Recovery is a "debt collector" as defined under the FDCPA, and acted as such at all times relevant to this Complaint.

2.4.     Defendant Freidman is an attorney licensed in Washington and a debt collector who regularly filed and files debt collection cases in King County, Washington on behalf of, but not limited to, Defendant Asset Recovery.

2.5.     Defendant Freidman regularly collected and collects, or attempted to collect and attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another through Asset Recovery, and signed and signs complaints filed in King County District Court Divisions in actions against Plaintiffs and members of the Classes described herein.

2.6.     Defendants are "debt collectors" as defined under the FDCPA, and acted as such at all times relevant to this Complaint.

2.7.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA); 28 U.S.C. §1331 (general federal question); 28 U.S.C. §1337 (interstate commerce); and 28 U.S.C. §1367 (supplemental jurisdiction). Venue and personal jurisdiction are proper in this District because Defendant Asset Recovery is registered to do business in Washington State and

COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF AND DAMAGES - 5

Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

Defendants conduct extensive business in this District.

### III. FACT ALLEGATIONS

3.1.    Plaintiffs and members of the Classes allegedly incurred certain financial obligations related to consumer debt.

3.2.    These alleged financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692(a)(5).

3.3.    Plaintiffs and members of the Classes allegedly failed to pay their alleged debt.

3.4.    Subsequently, the alleged debt of Plaintiffs and members of the Classes were assigned, placed, or otherwise transferred to Defendants for collection.

3.5.    On or about February 9, 2015, Defendants filed a collection lawsuit against Plaintiffs Simmons; on or about June 10, 2015, Defendants filed a collection lawsuit against Plaintiff Rohr-Smith; and on or about January 8, 2015, Defendants filed a collection lawsuit against Plaintiff Fernandez.

3.6.    In the four years preceding the filing of this Complaint, Defendants have filed hundreds of collection lawsuits in inconvenient forums against debtor defendants who resided in another division of the KCDC.

3.7.    By engaging in this unfair and deceptive practice of forum shopping, Defendants have violated Washington's district court venue statute, RCW 3.66.040(1).

3.8.    Washington's district court venue statute, RCW 3.66.040(1), provides that proper venue for collection actions brought under RCW 3.66.020(1) for recovery of money arising on a contract lies in the "district in which the defendant . . . resides at the time the

COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF AND DAMAGES - 6



1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

complaint is filed." Under RCW 3.66.040(1), it was unlawful, unfair and deceptive for Defendants to file collection actions in Divisions in which debtor defendants did not reside.

3.9. By engaging in its unfair and deceptive practice of suing debtor defendants in inconvenient forums, the great majority of whom did not reside in the Division in which they were sued, Defendants also violated the letter and spirit of the FDCPA, which is intended to eliminate abusive debt collection practices and requires that debt collectors bring legal actions to collect an alleged debt from a consumer "only in the judicial district or similar legal entity – (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." 15 U.S.C. § 1692i.

3.10. Defendants' practices as described herein are and have been knowing, willful and intentional.

3.11. Within one year of the date of filing of this Complaint, Defendants filed a collection complaint against Plaintiff Rohr-Smith and members of the FDCPA Class as defined herein, and served summonses and copies of the complaints on them.

3.12. At the time the collection lawsuits were filed against Plaintiffs and members of the Classes, Plaintiffs resided in Seattle, Washington, and members of the Classes resided in locations in King County which were known by Defendants, and which were not in the judicial district served by the Division of KCDC in which the collections lawsuits were filed, nor were any contracts that provided the basis for the lawsuits executed in the judicial district served by the Division of the KCDC.

3.13. Within four years of the date of the filing of this Complaint, Defendants filed collection complaints against Plaintiffs and members of the CPA Class and served a summons and copies of the complaints on each of them.

COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF AND DAMAGES - 7



1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

3.14. The summons and complaint served on Plaintiffs and members of the Classes stated that they were being sued in a Division in which they did not live and where the purported contract upon which they were being sued was not signed.

3.15. The summons informed Plaintiffs and members of the Classes that they were required to file a defense in writing at the inconvenient forum and serve Asset Recovery's attorney and that if they did not do so within 20 days, a default judgment could be entered against them.

3.16. Thereafter, default judgment motions were filed against Plaintiffs and members of the Classes in the inconvenient forum.

3.17. In said motions it was falsely and deceptively stated that Plaintiffs and members of the Classes "reside[d] within the judicial district" of the KCDC Division, when in fact Plaintiffs and members of the Classes lived in a Division outside of the inconvenient forum.

3.18. After said default motions were filed, default judgments were entered against Plaintiffs Simmons and Rohr-Smith and members of the Classes in the inconvenient forum.

3.19. The default judgments against Plaintiffs Simmons and Rohr-Smith and members of the Classes were for the principal amounts claimed, plus prejudgment interest, statutory attorney fees, a case filing fee, ex parte fee, and service of process fee, plus post-judgment interest at 12% per annum.

3.20. Thereafter Defendants collected or attempted to collect on the judgments as to said Plaintiffs and the proposed members of the Classes.

COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF AND DAMAGES - 8



Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

## IV. FIRST CAUSE OF ACTION
### Fair Debt Collection Practices Act Violation

4.1. Plaintiff Rohr-Smith re-alleges the foregoing paragraphs inclusive as though fully set forth herein.

4.2. Congress enacted the FDCPA in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors [which] contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *See* 15 U.S.C. § 1692(a).

4.3. The FDCPA requires a debt collector bringing a legal action on a debt against a consumer to bring it "only in the judicial district or similar legal entity – (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." *See* 15 U.S.C. § 1692i.

4.4. Defendants filed lawsuits against Plaintiff Rohr-Smith and FDCPA Class members in a judicial district in which they did not reside or sign the alleged contracts at issue, and therefore violated the FDCPA. Plaintiff Rohr-Smith, and each member of the FDCPA Class, suffered injury as a result of the improper filings and are entitled to recover statutory damages pursuant to 15 U.S.C. §1692k against Defendants.

4.5. The conduct of Defendants described herein was knowing, willful, and intentional.

## V. SECOND CAUSE OF ACTION
### Washington Consumer Protection Act Violation

5.1. Plaintiffs re-allege the foregoing paragraphs inclusive as if fully set forth herein.

COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF AND DAMAGES - 9



Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

5.2. Washington's CPA, entitled "Unfair Business Practices-Consumer Protection," states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." *See* RCW 19.86.020.

5.3. The CPA applies to the actions at issue herein because Plaintiffs and the CPA Class members are "consumers," Defendants are each a "business," they regularly (if not exclusively) engage in the practice of collecting debts, the challenged conduct occurred in the course of trade or commerce, Plaintiffs and the Class members were damaged in their property by Defendants' actions, and the complaint involves a matter of public interest that is capable of repetition and affects other consumers in this State.

5.4. Defendants' unfair and deceptive acts and practices repeatedly occurred in their trade or business and were capable of deceiving a substantial portion of the public.

5.5. The Washington Supreme Court has recognized the public policy significance of regulating the debt collection industry and has specifically found that the business of debt collection affects the public interest, and collection agencies are subject of strict regulation to ensure they deal fairly and honestly with alleged debtors.

5.6. Defendants' practice of filling collection lawsuits against debtor defendants in inconvenient forums, as described herein, was and is an unfair and deceptive act and practice under the CPA.

5.7. Defendants knew that KCDC General Administrative Order ("GAO") No. 13-10, dated October 25, 2013; GAO No. 13-08, dated August 30, 2013; GAO No. 13-02, dated February 22, 2013; and GAO No. 09-126, dated December 18, 2009, refer to where cases shall be "heard," and not where cases shall be "filed," and did not authorize or purport to

COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF AND DAMAGES - 10

Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

authorize Defendants to file collection lawsuits against debtor defendants in a certain Division, regardless of where in King County the debtor defendant resides or where the purported contract sued upon was signed.

5.8. Defendants' knowledge that the GAOs did not authorize or purport to authorize Defendants to file collection lawsuits against debtor defendants in a certain Division, regardless of where in the county the debtor defendant resides or where the purported contract at issue was signed, is evidenced by emails evidencing secret, *ex parte* communications between and among Defendants and other debt collection attorneys, and the Judges and personnel of the KCDC.

5.9. Defendants' practice of filing collection lawsuits in an improper venue and serving debtor defendants with notices falsely notifying defendant debtors that they should defend the lawsuit in an unlawful venue was and is an unfair and deceptive practice under the CPA.

5.10. Defendants' practice of filing default judgment motions in a KCDC Division in which they falsely and deceptively have stated and state that defendant debtors "reside within the judicial district," when those defendant debtors reside in other Divisions of the KCDC Court, was and is an unfair and deceptive practice under the CPA.

5.11. Defendants' practice of filing default judgment motions in Divisions regardless of where in the KCDC the debtor defendant resides, and in violation of the venue provision of the FDCPA, 15 U.S.C. § 1692i, was and is an unfair and deceptive practice under the CPA.

5.12. As a direct and proximate result of Defendants' unfair and deceptive acts and practices, Plaintiffs and members of the Classes have suffered default judgments that were

COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF AND DAMAGES - 11

Berry&Beckett PLLP
1708 Bellevue Avenue
Seattle, WA 98122
(206) 441-5444 FAX (206) 838-6346

entered against them in a Division, which was not the Division of the KCDC in which they resided or where the contract at issue was signed.

5.13. Defendants, on a continuing basis, are engaged in attempting to enforce the default judgments that they have unfairly, deceptively and unlawfully obtained against Plaintiffs and members of the Classes through their case filing practices described herein.

5.14. Defendants' wrongdoing in obtaining default judgments, and thereafter pursuing collection of the judgments, including garnishments, based on these default judgments, through its unfair and deceptive filing practices as described herein, are repetitive and continuing in nature.

5.15. If these unfair and deceptive case filing practices by Defendants are not enjoined, there is a high likelihood that Defendants' practice of obtaining default judgments in an inconvenient forum against debtor defendants who reside in other Divisions of the KCDC will continue.

5.16. There is a high likelihood that Defendants' unfair and deceptive case filing practices will continue to injure Plaintiffs and members of the Classes if those practices are not enjoined.

5.17. The high likelihood that Defendants' unfair and deceptive case filing practices will continue to injure Plaintiffs and members of the Classes if those practices are not enjoined is also demonstrated by the fact that Defendants are active debt collectors in King County, coupled with the fact that 31.9% of the Seattle population and 31.2% of the State as a whole has debt that is currently in collections. Urban Institute, *Delinquent Debt in America* (July 2014), Tables A-1 & A-2, http://www.urban.org/sites/default/files/alfresco/publication-pdfs/413191-Delinquent-Debt-in-America.pdf (last retrieved February 1, 2016).

COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF AND DAMAGES - 12



1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

5.18.   Plaintiffs and members of the Classes will suffer continuing, immediate and irreparable injury absent the issuance of declaratory and injunctive relief.

5.19.   Plaintiffs and members of the Classes have no complete, speedy and adequate remedy at law with respect to Defendants' continuing conduct in obtaining these unfair, deceptive and unlawful default judgments described herein.

5.20.   Preliminary and final declaratory and injunctive relief, including restitution of any amounts unlawfully obtained, is necessary to prevent further injury to Plaintiffs and members of the Classes caused by these unfair, deceptive and unlawful default judgments.

## VI.  CLASS ACTION ALLEGATIONS

6.1.   Plaintiffs reallege the foregoing paragraphs as if fully stated herein.

6.2.   Pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), Plaintiffs bring this action on behalf of the following Classes:

> FDCPA Class:  All persons sued by Defendants in a county where there is more than one division in a District Court, in a division in which they did not reside, or sign the alleged at-issue contract, on or after a date one year prior to the filing of this action.

> CPA Class:  All persons sued by Defendants in a county where there is more than one division in a District Court, in a division in which they did not reside, or sign the alleged at-issue contract, on or after a date four years prior to the filing of this action.

6.3.   **Numerosity.**  The Classes are so numerous that joinder of all members is impracticable. Upon information and belief, the Classes exceed 100 in number.

6.4.   **Common Questions of Law and Fact**.  The questions of law and fact are the same for members of both Classes, including whether the conduct of the Defendants in filing in District Court Divisions where a Class member neither resided at the commencement of

COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF AND DAMAGES - 13



1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

1  the action nor in which the consumer signed the contract serving as the basis of the alleged

2  debt, violated the FDCPA and the CPA. The Class members share issues of law and fact as to

3  whether Defendants' lawsuit filing policies and practices violate the FDCPA and the CPA,

4  such that those issues dominate any issues that affect only individual members.

5       6.5.    **The Plaintiffs' Claims Are Typical of the Classes.**  Plaintiffs' claims are

6  typical of the Classes in that they arise from Defendants' repeated violations of the FDCPA

7  and the CPA as to Plaintiffs and all other members of the Classes.

8       6.6.    **The Plaintiffs Will Fairly and Adequately Protect the Classes**.  Plaintiffs

9  will adequately represent and protect the interests of the Classes because they have retained

10 competent and experienced counsel and their interest in the litigation is not antagonistic to

11 the other members of the Classes.

12      6.7.    **A Class Action is Maintainable Under Fed. R. Civ. P. 23(b)(3)**.  The

13 questions of law and fact common to all members of the Classes predominate over questions

14 affecting only individual members of the Classes, because all members of the Classes have

15 been subjected to Defendants' unlawful conduct. The prosecution of separate actions by

16 individual members of the Classes against Defendants would create the risk of inconsistent or

17 varying adjudications and incompatible standards of treatment. There are no other pending

18 class actions concerning these issues against these same Defendants. A class action is

19 superior to any other available means for the adjudication of this controversy. This action

20 will cause an orderly and expeditious administration of the Classes' claims; economies of

21 time, effort and expense will be fostered; and uniformity of decisions will be ensured at the

22 lowest cost and with the least expenditure of judicial resources.

COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF AND DAMAGES - 14



1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

6.8. **A Class Action is Maintainable Under Fed. R. Civ. P. 23(b)(2).**
Defendants have acted on grounds generally applicable to Plaintiffs and the Classes as alleged herein, thereby making appropriate injunctive and declaratory relief, as well as incidental damages, with respect to the Classes as a whole.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that a judgment be entered against the Defendants as follows:

1. An injunction preventing Defendants from filing debt collection actions in District Courts in the State of Washington that have two or more Divisions or judicial districts, in a Division or judicial district where the defendant does not reside and/or where the contract that serves as the basis of the action was not signed;

2. An award of damages for Plaintiff Rohr-Smith and FDCPA Class members, pursuant to 15 U.S.C. §1692k, but in any event for not less than $1,000 for Plaintiff Rohr-Smith and for each Class member, for each violation, subject to limits provided by law;

3. An award of damages to Plaintiffs Simmons, Rohr-Smith and Fernandez and members of the Classes as provided by the CPA, in an amount as proven at trial;

4. An award trebling the award of CPA damages because of the willful and intentional misconduct of Defendants as alleged herein;

5. An order requiring restitution to each member of the Classes of all sums collected by Defendants, including attorney fees, court costs, other fees and amounts towards the debts that were the basis of the actions brought against members of the Classes;

6. An order directing Defendants to move to vacate all defaults judgments obtained against members of the Classes, and to report the results of their actions to the

COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF AND DAMAGES - 15

Berry&Beckett
PLLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

Court;

7. Alternatively, if the Court does not grant the relief requested in Paragraph 6 of these Requests for Relief, an order directing Defendants to locate the members of the Classes against whom a default judgment was entered, notify them that a default judgment has been entered against them and that they have the right to file a motion to re-open their case, and provide them with the case name, name of the court in which the case was filed, and the case number in each such action;

8. An order directing Defendants to notify all credit reporting bureaus of the vacated default judgments and request removal of any negative reporting on Plaintiffs' and members of the Classes' credit reports relating to such lawsuits and default judgments;

9. For an award of costs and reasonable attorney's fees pursuant to the CPA and 15 U.S.C. §1692k, *et seq.*;

10. For pre- and post- judgment interest on the above amounts at the rate authorized by law;

11. For leave to conform their pleadings to the proof presented at trial; and

12. For such other relief as the Court deems just and equitable.

### IX.  REQUEST FOR TRIAL BY JURY

Plaintiffs hereby request trial by jury pursuant to U.S. Const. Amend. 7.

Dated: May 31, 2016

COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF AND DAMAGES - 16

Berry & Beckett PLLP
1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346

| | |
|---|---|
| BERRY & BECKETT, PLLP | ANTOINETTE M. DAVIS LAW, PLLC |
| By  /s/ *Guy W. Beckett* <br> Guy W. Beckett, WSBA #14939 <br> 1708 Bellevue Avenue <br> Seattle, WA  98122 <br> Telephone:   206-441-5444 <br> Facsimile:    206-838-6346 | By  /s/ *Antoinette M. Davis* <br> Antoinette M. Davis, WSBA #29821 <br> 528 Third Avenue West, Suite 102 <br> Seattle, WA  98119 <br> Telephone:   206-486-1011 <br> Facsimile:    206-905-5910 |
| WILLIAMSON AND WILLIAMS, LLC | WILLLIAMSON AND WILLIAMS, LLC |
| By  /s/ *Kim Williams* <br> Kim Williams, WSBA #9077 <br> 2239 W Viewmont Way W <br> Seattle, WA  98199 <br> Telephone:   206-294-3085 | By  /s/ Rob Williamson <br> Rob Williamson, WSBA #11387 <br> 2239 W Viewmont Way W <br> Seattle, WA  98199 <br> Telephone:   206-294-3085 |

COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF AND DAMAGES - 17



1708 Bellevue Avenue
Seattle, WA  98122
(206) 441-5444 FAX (206) 838-6346